IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JOHN C. FIELD, #K2672**                                                                 **PETITIONER**

**VERSUS**                                          **CIVIL ACTION NO. 1:04cv833-DMR-JMR**

**DOLAN WALLER, Warden;**
**CHRISTOPHER EPPS, Commissioner of MDOC;**
**and JIM HOOD; Attorney General**                                                     **RESPONDENTS**

## REPORT AND RECOMMENDATION

This matter is before this Court on the Petitioner's Motion [13-1] for Summary Judgment and the Respondents' Motion [14-1] to Dismiss Pursuant to § 2244(d). Having considered the Petitioner's Motion [13-1], the Respondents' Motion [14-1], and the Petitioner's Response [15-1], along with the entire record and the applicable law, this Court finds that the Respondents' Motion [13-1] is well-taken and should be granted and that the Petitioner's Motion [13-1] is not well-taken and should be denied. Accordingly, Field's petition in the above-captioned action should be dismissed.

### I. Statement of the Case

The Petitioner, John C. Field ("Field"), entered a plea of guilty to sexual battery in the Second Judicial District of the Circuit Court of Harrison County, Mississippi. By an Order filed May 1, 2000, Field was sentenced to serve a term of twenty (20) years without parole; said sentence to be served in the custody of the Mississippi Department of Corrections. (*See* Order, attached to Respondents' Motion to Dismiss as Exhibit "A").

Field's judgment of conviction became final on May 31, 2000, thirty days after he was sentenced on his guilty plea. By statute, there is no direct appeal from a guilty plea. (*See* Miss. Code Ann. § 99-35-101). Field submitted his federal habeas petition sometime between November 5,

2004, the date he signed it, and November 17, 2004, the date it was stamped "filed." According to the mailbox rule, Field's petition tolls the statute of limitations when he delivers it to prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Thus, at the earliest, Field "filed" his petition on November 5, 2004.

## II. Analysis

A petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A state judgment becomes final "upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari." *Ott v. Johnson*, 192 F. 3d 510, 513 (5th Cir. 1999). As noted above, there is no direct appeal from a guilty plea. However, the Mississippi Supreme Court has carved out an exception, allowing an appeal from a guilty plea within thirty (30) days when the issue concerns an alleged illegal sentence. (*See Burns v. State*, 344 So.2d 1189 (Miss. 1977); *Trotter v. State*, 554 So.2d 313 (Miss. 1989); *Berry v. State*, 722 So.2d 706 (Miss. 1998); *Campbell v. State*, 743 So.2d 1050 (Miss. App. 1999); and *Acker v. State*, 797 So.2d 966 (Miss. 2001)). Therefore, Field's judgment became final on May 31, 2000, thirty days after he was sentenced. The Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year time limit has been interpreted to mean that it does not begin to run against a state prisoner prior to the statute's date of enactment, *i.e.* April 24, 1996. (*See Fierro v. Cockrell*, 294 F.3d 674, 679 (5th Cir. 2002); *Kiser v. Johnson*, 163 F.3d 326, 327-28 (5th Cir. 1999)). All convictions prior to April 24, 1996, are considered final as of April 24, 1996, for purposes of the AEDPA's period of limitation. As Field's conviction occurred after April 24, 1996, this time frame does not apply to the case sub judice.

According to the mailbox rule, Field's petition tolls the statute of limitations when he

delivers it to prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). At the earliest, Field "filed" his federal petition when he signed it on November 5, 2004, some 1,254 days after the federal statute of limitations had expired on May 31, 2001. Based on the foregoing, Field's federal petition for habeas corpus is barred by the one-year statute of limitations, unless Field is entitled to either statutory or equitable tolling.

The first issue is whether statutory tolling occurred during the period between the judgment becoming final and his filing of the federal petition for federal habeas corpus. 28 U.S.C. § 2244(d)(2) provides for tolling of the one-year limitations period during the time in "which a properly filed application for State post-conviction" remains pending. Field filed a "Motion to Vacate Guilty Plea" in the Harrison County Circuit Court which was dismissed by the trial court's order filed October 20, 2000, for failure to comply with the post-conviction statute. (*See* Order, attached to the Respondents' Motion as Exhibit "C"). Field then resubmitted a "Motion to Vacate Guilty Plea" in the Harrison County Circuit Court on December 15, 2000. (*See* Motion, attached to the Respondents' Motion as Exhibit "D"). This motion was denied by an Order filed April 2, 2001. (*See* Order, attached to the Respondents' Motion as Exhibit "E"). The state court record does not reflect, nor does Field assert, that an appeal was taken from this April 2, 2001, order of the trial court. Accordingly, the limitations period was tolled for a period of 108 days-the number of days that Field's petition was pending (December 15, 2000, through April 2, 2001), thereby making Field's petition due on or before September 17, 2001 (one year from May 31, 2000, plus 108 days).

Field filed a successive motion for post-conviction relief in the Harrison County Circuit Court on November 20, 2001. (*See* Motion, attached to Respondents' Motion as Exhibit "F"). This motion was denied as successive and frivolous by order of the circuit court filed January 16, 2002. (*See* Order, attached to Respondents' Motion as Exhibit "G"). Field appealed the lower court's

denial of relief, and the trial court's ruling was affirmed by the Mississippi Court of Appeals on April 15, 2003, in a written opinion.  (*See Field v. State*, 856 So.2d 492 (Miss. App. 2003), *reh'g denied*, July 15, 2003, *cert. denied*, November 13, 2003, attached to Respondents' Motion as Exhibit "H").  This second motion for post-conviction relief was not filed until November 20, 2001, some 64 days past the September 17, 2001, deadline for filing Field's federal habeas petition and therefore, did not invoke the tolling provisions of 28 U.S.C. § 2244(d)(2).

Pursuant to § 2244(d)(2), Field's state post-conviction motions toll the one-year limitations period described in § 2244(d)(1) by 108 days.  This tolling moved Field's deadline for filing a federal habeas petition to September 17, 2001.  At the earliest, Field filed his petition on November 5, 2004, some 1,145 days after the deadline.  Field's petition is therefore barred by § 2244(d), unless Field persuades this Court that his claim should not be time-barred under the principles of equitable tolling.

Generally, equitable tolling is only available in rare circumstances.  *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).  Furthermore, in *Rashidi,* the Fifth Circuit stated, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).  In his Motion for Summary Judgment and in his Rebuttal to Respondents' Motion to Dismiss, Field complains that he has had no appointed counsel on appeal, has never been granted an evidentiary hearing, and that the state has not addressed the claims presented in his filings.  None of these issues present any argument that would support equitable tolling.

Without the benefit of equitable tolling, Field needed to file his federal habeas petition on or before September 17, 2001.  At the earliest, Field filed his federal habeas petition on November

5, 2004 – the date he signed the federal petition in the above-captioned case. Field's petition is therefore barred by § 2244(d).

### III. Conclusion

Field's state court conviction became final on May 31, 2000. Thereafter, Field had one year plus the statutory tolling period of 108 days, or until September 17, 2001, to file a federal petition for a writ of habeas corpus. At the earliest, Field filed his federal habeas petition on November 5, 2004. This Court finds that Field is not entitled to equitable tolling. Therefore, it is the recommendation of this Court that Field's Motion for Summary Judgment be denied and that Field's Petition for Writ of Habeas Corpus should be dismissed based upon the federal one-year limitations period found in 28 U.S.C. § 2244(d).

In accordance with the Rules of this Court, any party, within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

THIS the   25th   day of April, 2006.

                                                   s/ John M. Roper, Sr.
                                        CHIEF UNITED STATES MAGISTRATE JUDGE